Johnny Paul DODSON *v.* STATE of Arkansas

CR 02-878                                                  187 S.W.3d 854

Supreme Court of Arkansas
Opinion delivered June 10, 2004

*Hurst & Morrissey, P.L.L.C.*, by: *Q. Byrum Hurst, Jr.*, for appellant.

---

*Mike Beebe*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

PER CURIAM. Appellant Johnny Paul Dodson appeals the order of the Garland County Circuit Court convicting him of possession of a controlled substance with intent to deliver. On appeal, he raises five allegations of error: (1) the trial court erred in denying his motion to dismiss because of a speedy-trial violation; (2) there was insufficient evidence to support his conviction; (3) the trial court should have granted his motion for a pretrial continuance; (4) the trial court erred in failing to require the State to produce a witness requested by Appellant; and (5) it was error to use some of his prior convictions for purposes of enhancing his sentence in this case. Because Appellant has submitted a brief with an Addendum that is insufficient under Ark. Sup. Ct. R. 4-2(a)(8), we order rebriefing.

Supreme Court Rule 4-2(b)(3) explains the procedure to be followed when an appellant has failed to supply this court with a sufficient brief. The rule provides:

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

Rule 4-2(b)(3).

In the present case, the Addendum does not contain the judgment and commitment order that are the subject of this appeal or the notice of appeal filed in this case. Also missing are

copies of the prior convictions that Appellant argues were improperly used to enhance his sentence. We hereby order Appellant to submit a substituted brief that contains a revised Addendum that includes all documents necessary to an understanding of the issues presented to this court on appeal. Appellant is directed to file the substituted brief within fifteen days from the entry of this order. According to Rule 4-2(b)(3), if Appellant fails to file a complying brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

After service of the substituted brief, Appellee shall have an opportunity to file a responsive brief in the time prescribed by the Supreme Court Clerk, or to rely on the brief which it has previously filed in this appeal.

As there have been ongoing delays in the submission of this appeal, we are forwarding a copy of this *per curiam* to the Supreme Court Committee on Professional Conduct.

Rebriefing ordered.